Porter, J.
delivered the opinion of the court. The petition avers, that the defendant, by force and arms, took possession of twenty five horned cattle, the property of the plaintiffs, and refuses to give them up.
The answer contains a general denial, and an averment, that the defendant, as agent for one Don Lewis Bouderau, received by the consent of the plaintiff, Madame Langlini, mother of the said Don Lewis, fourteen beeves, being the supposed portion coming to him in the undivided estate held between them.
The evidence establishes, that the defendant with the consent of the wife, took fourteen head of cattle, marked with her brand: *243 but that the husband, so far from assenting to the transaction, expressly forbid him to receive them. The cattle were marked with the brand of Mrs. Langlini’s first husband.
West'n District.
August, 1822.
There was judgment for one of the plaintiffs, Madame Langlini, and the defendant appealed.
The plaintiffs contend, that the judgment should be affirmed, because the testimony establishes the right of property; and they rely on the Civil Code, 334, art. 58, which provides, that the wife can neither alienate her paraphernal effects, or appear in a court of justice respecting the same, without the consent of her husband.
The defendant insists, that the beeves belonged to the minor heir and his mother in common, and that she had a right to alienate them without the husband’s consent; that the petition states, the property to have belonged to both husband and wife; and that the evidence and judgment do not correspond with that allegation.
The position of the plaintiffs’ counsel, that the husband’s approbation is necessary to render valid an alienation of the wife’s paraphernal effects, is correct, and fully supported *244 by the authority relied on. The evidence, we think, brings the case within the law. The witnesses state, the cattle to belong to Mrs. Langlini, and that she used her deceased husband’s mark. The testimony, on the part of the defendant, does not establish that the children by the first marriage, and their mother, held any property in common.
In regard to the variance between the allegations in the petition, and the proof given, we are of opinion, that this objection should have been made when the evidence was offered in the court below—Flogny vs. Adams, 11 Martin, 549. As it was not taken there, and the parties proceeded to investigate their rights with reference to the true capacity in which the plaintiff, who obtained judgment, should have stated her claim, the exception cannot be listened to at this stage of the proceedings—Canfield vs. M. Laughlin, 9 Martin, 303—Bryan & Wife vs. Moore’s heirs, ibid. 26. Larche vs. Jackson, ibid. 284.
The counsel for the defendant endeavoured to distinguish this case from those cited, by showing, that here there were two plaintiffs, and judgment was only given in favour of one of them: in those already decided, it *245 was merely a different right from that alleged, established in the same person. We do not perceive that this circumstance makes any essential difference. It is every day’s practice, that judgment is given in favour of one of several plaintiffs, and against the others if they fail in the proof necessary to support their case. In the present instance, as the husband was obligated to assist his wife in the prosecution of her claim, it was unnecessary to enter judgment of nonsuit against, him, for his appearance was good for that purpose, though he was not able to establish a right in himself.
Brent for plaintiffs, Brownson for defendant.
On the whole, we are all satisfied that the law authorizes, what the justice of the case requires, that the judgment of the district court he affirmed with costs.